UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GANDER MOUNTAIN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:10CV167-DJS |
| | ) | |
| ARNOLD CROSSROADS, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Now before the Court is defendant Arnold Crossroads, L.L.C.'s motion to dismiss or stay proceedings [Doc. #9]. The motion has been fully briefed and is now ready for disposition.

**Background**

Defendant is the owner of a shopping center in Arnold, Missouri. Plaintiff Gander Mountain Company is a retailer that planned to open a store in defendant's shopping center and entered into a lease with defendant for that purpose.

In February 2009, defendant filed an action in Missouri state court against plaintiff because plaintiff allegedly failed to pay rent upon the lease. In May 2009, plaintiff removed that case to the United States District Court for the Eastern District of Missouri, invoking diversity jurisdiction and giving rise to Case No. 4:09-CV-757-HEA. Defendant moved to remand the case to Missouri state court. Defendant argued that the $75,000 amount-in-controversy requirement for diversity jurisdiction was not met

because it was only seeking the February 2009 rent in the amount of $43,872.40 plus interest, which it is permitted to do under Missouri law. On January 12, 2010, the court granted defendant's motion to remand, and the case was remanded to state court in Jefferson County, Missouri.

On January 29, 2010, plaintiff filed the instant action seeking a declaratory judgment from the Court that it "has no obligations under the lease and is not responsible for any payments pursuant to the lease." Complaint, Doc. #1, p. 2. Plaintiff alleges that it has no obligations under the lease because it properly terminated the lease in January 2009. Id. at 3.

## Discussion

Defendant moves the Court to dismiss or stay this case because of the pending state case. Defendant argues that a dismissal or stay is proper under the doctrine of abstention expressed in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), Wilton v. Seven Falls Co., 515 U.S. 277 (1995), and their progeny. These cases stand for the proposition that district courts should avoid indulging in "gratuitous interference" when a pending state court suit involving the same parties presents an opportunity to resolve the same state-law issues. Wilton, 515 U.S. at 290.

Plaintiff argues that abstention is inappropriate because the considerations under Wilton are not implicated. Plaintiff acknowledges that, even if abstention is not proper under Wilton,

2

the Court has some discretion to abstain under Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994 (8th Cir. 2005), but argues that abstention under Scottsdale is also inappropriate. Plaintiff takes issue with defendant's litigation strategy of seeking one month's rent in the state case, leaving open the possibility of successive lawsuits to recover each month's unpaid rent as it comes due, a strategy that is permitted under Missouri law. Plaintiff argues that its declaratory judgment suit would bring about a more efficient resolution to the parties' dispute because it would determine, once-and-for-all, whether plaintiff properly terminated the lease prior to any rent coming due.

Under Wilton, federal district courts have broad discretion to dismiss or stay a declaratory judgment action when parallel state litigation is pending. Wilton, 515 U.S. at 282. In order to have such discretion, the state action must present the same state-law issues between the same parties, and "the court must evaluate 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008) (quoting Brillhart, 316 U.S. at 495). If these factors indicate that the pending state proceeding is parallel to the federal proceeding, the court may abstain from hearing the declaratory judgment action because to proceed would be uneconomical and vexatious. Id.

The Court will analyze whether abstention is appropriate under Wilton. This case and the state case involve the same parties. The issues presented in both involve only Missouri law, not federal law. The core issue in this declaratory judgment action is whether plaintiff properly terminated the lease and should accordingly be relieved from making any rent payments. Contrary to plaintiff's arguments, the same issue is presented in the state case through plaintiff's affirmative defense. Thus, this case and the state case involve the same state-law issue between the same parties.

With respect to the additional considerations from Wilton, the necessary parties have been joined and are amenable to process in the state proceeding. Whether the claims of all parties can be satisfactorily adjudicated in the state proceeding requires extended analysis.

Plaintiff desires a ruling on whether its termination of the lease was valid. The state court can provide it with satisfactory adjudication of that issue. Plaintiff also wants to have the lease dispute resolved in one proceeding rather than in successive suits for unpaid rent. Plaintiff takes the position that the state proceeding will not have a res judicata effect while this federal proceeding will, such that a favorable ruling from this Court on the declaratory judgment action will prevent successive suits but a favorable ruling from the state court on the termination affirmative defense will not. Plaintiff cites WEA

Crestwood, L.L.C. v. Flamers Charburgers, Inc., 24 S.W.3d 1 (Mo. Ct. App. 2000), and Finley v. St. John's Med. Ctr., 958 S.W.2d 593 (Mo. Ct. App. 1998), in support of this argument. Plaintiff's argument, however, is not supported by these cases. Missouri law does not permit a landlord to continue to file successive suits seeking unpaid rent after losing an initial suit on the basis that the lease was terminated. Instead, as the cases plaintiff cites indicate, Missouri law allows landlords to sue for rent as it becomes due in successive lawsuits, so long as no ruling from a prior suit would preclude such suits. If, at any time, a landlord lost on the basis that the lease was terminated, the string of lawsuits would come to an end. Applying this law to this case, if plaintiff's termination affirmative defense is successful in the state proceeding, the dispute between the parties will come to an end and plaintiff will not face successive suits. Accordingly, plaintiff can obtain a satisfactory adjudication of its claim in the state proceeding.

Given the above analysis, the Court finds that abstention is necessary in this action, leaving the Court with the decision of whether to dismiss or stay this action. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case ... fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n.2. In Royal Ind. Co. v. Apex Oil Co., 511 F.3d 788

(8th Cir. 2008), the Eighth Circuit reversed a district court's decision to dismiss, rather than stay, a case because there was a potential for non-parallel cases if two parties' pending motions to dismiss were granted in the state proceeding. Id. at 797.

Here, the Court does not see any possibility of this case needing to return to federal court or any potential for the cases to become non-parallel. Plaintiff's desired ruling on whether it effectively terminated the lease will come in the state action. It will have a preclusive effect, and thus, plaintiff will have no need to re-file its declaratory judgment action in the future.[1] Furthermore, the state case will not become non-parallel. This dispute is only between the two parties now before the Court and involves only state-law issues. Those circumstances appear certain to remain unchanged.

Because abstention and dismissal are proper under Brillhart and Wilton, the Court will refrain from addressing the remainder of the arguments presented.[2]

Accordingly,

---

[1] Of course, if plaintiff's termination defense fails at the state level, plaintiff might try to re-file this same declaratory judgment action again to try to prevent successive suits by reasserting the same failed termination defense. But such an action would be frivolous due to the preclusive effect of the state court proceeding, and the Court will not stay this action based on the possibility of plaintiff filing a frivolous claim in the future.

[2] The Court specifically notes that this order does not reach and does not intend any intimation of an opinion on the merits of plaintiff's termination defense.

**IT IS HEREBY ORDERED** that defendant Arnold Crossroads, L.L.C.'s motion to dismiss [Doc. #9] is granted.

Dated this  23rd   day of March, 2010.

                                        /s/Donald J. Stohr                
                                        UNITED STATES DISTRICT JUDGE